STATE (*ex rel. Chandler*) *v.* MANCHESTER & LAWRENCE RAILROAD.

Under a statute of this state (G. L., *c.* 158, *ss.* 11, 12), which prohibits the operation of a railroad by a rival and competing road, and provides that any citizen may apply for an injunction to prevent it, a citizen, as such, cannot maintain a petition for a writ of mandamus to compel a railroad corporation, one of two rival and competing roads, to operate its own road.

When a new right is created by a statute which provides a method in which the right may be enforced, the method thus provided, if the remedy is coextensive with the right, is the only one which can be pursued.

PETITION, for a writ of mandamus, filed by William E. Chandler, who seeks the mandate prayed for, as a citizen of this state, and as well in behalf of all other citizens of the state who may desire to join him as petitioners in this application as in behalf of himself. The petitioner alleges that the defendants are a railroad corporation, subject to the liabilities and duties imposed upon such corporations by the laws of New Hampshire; that the defendants' road and part of the Concord Railroad are parts of rival and competing lines of route from Manchester to Boston; that the government of the defendant corporation is vested in a board of seven directors by their charter; that the defendants are not running their road, or transacting their business, or directing their affairs, as required by their charter and the public law of New Hampshire; and that the defendants' road, instead of being run as required by law, is run and operated in violation of law by the Concord Railroad Corporation, or by a copartnership existing between the Concord Railroad and the Boston & Lowell Railroad. The prayer of the petition is, that a writ of mandamus may issue to the defendants, their agents and officers, enjoining and commanding them henceforth to run and operate their road, manage

and direct their affairs, and transact the business of their road themselves, and to refrain from further permitting the Concord Railroad, or the Boston & Lowell Railroad, or the joint management or copartnership into which the two latter roads have entered, to operate the road of the defendants, or direct or manage their affairs; and otherwise commanding the defendants, their officers and agents, as to the court shall seem just, agreeable to and as required by law.

The defendants moved to quash the petition because (1) the petitioner does not show by his petition that he has any specific right to the remedy and relief prayed for; (2) if there is any cause of complaint concerning the matter alleged in the petition, he has another and adequate remedy; (3) if the petitioner has any cause of complaint from the matters alleged in his petition, he has an adequate and specific remedy by bill in equity for an injunction; (4) there is now pending in this court a bill in equity wherein Edmund Burke and others are plaintiffs, and the Con-Railroad Corporation are defendants [61 N. H. 160], and if the petitioner is entitled to the relief and remedy sought for in his petition,—then adequate and specific remedy and relief will be afforded as well to the petitioner as to the plaintiffs in said bill in equity, and all other parties who may claim to have the same cause of complaint, as fully and completely by means of the proceedings in the bill in equity as by means of this petition.

*Bingham & Mitchell*, for the petitioner, to the point that a citizen as such may maintain a petition for a writ of mandamus to compel a railroad corporation to perform its public duties, cited *Attorney General* v. *Boston*, 123 Mass. 479; *Forster* v. *Forster*, 4 B. & S. 187, 199; *Mayor of London* v. *Cox*, L. R. 2 H. L. 239, 280; *Worthington* v. *Jeffries*, L. R. 10 C. P. 379; *Chambers* v. *Green*, L. R. 20 Eq. 552; *Union Pacific Railroad* v. *Hall*, 91 U. S. 343, 354; *Hall* v. *Union Pacific Railroad*, 3 Dill. 515; *Pumphrey* v. *Mayor &c.*, 47 Md. 145; *Mayor &c.* v. *Gill*, 31 Md. 375; *Webster's Case*, 29 Md. 516; *People* v. *Collins*, 19 Wend. 56; *People* v. *Supervisors*, 18 How. Pr. 463; *People* v. *Tracy*, 1 How. Pr. 186; *People* v. *Supervisors*, 4 Hill 20; *People* v. *Supervisors*, 8 N. Y. 317; *People* v. *Halsey*, 37 N. Y. 347; *County of Pike* v. *State*, 11 Ill. 202; *City of Ottawa* v. *Illinois*, 48 Ill. 233; *Hall* v. *People*, 57 Ill. 310; *Village of Glencoe* v. *People*, 78 Ill. 390; *Hamilton* v. *State*, 3 Ind. 452; *Commissioners* v. *State*, 61 Ind. 81; *State* v. *Judge &c.*, 7 Iowa 186; *Watts* v. *Carroll*, 11 La. Ann. 141; *State* v. *Council &c.*, 33 N. J. Law 110; *Cannon* v. *Janvier*, 3 Hous. 27; *The King* v. *Railway Co.*, 2 B. & Ald. 646; *Clarke* v. *Canal Co.*, 6 A. & E. (N. S.) 898; *Rex* v. *Commissioners*, 2 M. & S. 80; *Reg.* v. *Bristol Dock Co.*, 6 B. & C. 181; *Reg.* v. *Trustees*, 12 A. & E. (N. S.) 448; *Reg.* v. *Archbishop &c.*, 11 A. & E. (N. S.) 578.

If the name of the attorney-general is necessary for the prosecution of this petition, his official name can be joined by amendment. G. L., c. 226, ss. 8, 16 ; Hill v. Goodwin, 56 N. H. 441.

Section 11, c. 158, Gen. Laws, prohibits the union of roads, situated as the Concord and the defendant corporation are, under one management, unless by virtue of a contract which is authorized by the legislature and approved by the governor and council. Section 12 of the same chapter provides that it shall be lawful for any citizen to apply to the supreme court, or to any justice thereof, for an injunction against any railroad illegally operating any other road in violation of section 11. Now, if any citizen may apply to enjoin the Concord Railroad from operating the Manchester & Lawrence Railroad without the sanction of a state official, what principle of law is there which denies to any citizen the privilege and right of applying for mandamus to compel the Manchester & Lawrence to run its own road ? The statutory remedy by injunction against the one is an additional remedy, and not a substitute for the common-law right by mandamus against the other party to the illegal compact.

If our petition, as suggested by the defendants, should be called a bill in equity, we are entirely satisfied. Let it be so named. If the instrument of our relief is more appropriately named an injunction, or any other legal, technical name other than mandamus, let that be so considered. We are not particular about names : results are what we seek. We are before the court with our grievance stated and our remedy indicated, yet we leave the name and particular form of the remedy now where we left it in our petition, viz., a writ of mandamus, or " otherwise commanding said Manchester & Lawrence Railroad, its officers and agents, as to the court shall seem just, agreeable to and as required by law."

W. J. Copeland, on the same side.

J. W. Fellows, for the defendants, to the point that a citizen, as such, cannot maintain a petition of this character, cited Wellington, &c., Petitioners, 16 Pick. 87 ; Rex v. Company, 2 B. & Ad. 115 ; Lexington v. Mulliken, 7 Gray 280 ; Bates v. Overseers, &c., 14 Gray 163 ; Pearsons v. Ranlett, 110 Mass. 126 ; Sanger v. Commissioners, 25 Me. 291 ; Bigelow v. Bridge Co., 14 Conn. 565 ; O'Brien v. N. & W. R. R. Co., 17 Conn. 372 ; Lyon v. Rice, 41 Conn. 245 ; State v. Pawtuxet Co., 8 R. I. 182 ; Councils of Reading v. Commonwealth, 11 Pa. St. 196 ; Heffner v. Commonwealth, 28 Pa. St. 108 ; Bobbett v. State, 10 Kan. 9 ; Wyandotte & Kansas City Bridge Co. v. Commissioners, 10 Kan. 326 ; Linden v. Supervisors, 45 Cal. 6 ; People v. Regents, &c., 4 Mich. 98 ; People v. Inspectors, &c., 4 Mich. 187.

Wherever a private citizen has been allowed this writ, it will be found that in some way he has been damnified. It is settled,

as the universal rule, that "if a company fail to operate the road which it has built, this is an injury to the public in general, and redress can be obtained only through the state by writ of mandamus." Mor. Cor., s. 496; *People* v. *Railroad*, 24 N. Y. 261; *People* v. *Fishkill Plank Road Co.*, 27 Barb. 452, 458; *People* v. *Hillsdale & Chatham Turnpike Co.*, 23 Wend. *254; *People* v. *Plank Road Co.*, 32 Mich. 248; *State* v. *Pawtuxet Co.*, 8 R. I. 182.

The petitioner alleges that the defendant corporation is being managed or operated by the Concord Railroad, or by a joint management or copartnership created by and existing between said Concord Railroad and the Boston & Lowell Railroad by virtue of a contract dated August 19, 1881, between said corporations, a. copy of which is annexed to his bill. If such had been the fact, it is hardly necessary to argue that the court, in view of the proceedings had in *Burke* v. *Concord Railroad*, 61 N. H. 160, and the abrogation of the contract which has been brought to the knowledge of the court, and the injunction which has been granted in that case, that it will be inconsistent to issue the writ of mandamus to command the defendant corporation to withdraw from any supposed arrangement incident to that contract. It would be entirely futile, subserve no purpose, and accomplish no result; and it is unnecessary to suggest that this extraordinary remedy should not be allowed under such circumstances.

The facts in that case are conclusive, so far as any provision that the contract of August 19, 1881, contained concerning the defendants.

If it is intended to allege that the Concord Railroad is managing or interfering with the business of the defendant corporation in any manner not authorized by law, then the remedy provided by the statute is ample and specific, affording any citizen who feels aggrieved, whether he be really interested or only dissatisfied with the conduct of these corporations, "to apply to the supreme court, or any justice thereof, for an injunction against any railroad illegally operating any other road." G. L., c. 158, s. 12. This provision of the statute must be considered with all other provisions relating to the subject. Taken together, they are intended to control the relations of railroad corporations and provide the means and method of their enforcement.

But the petitioner says, finally, that if his petition should be called a bill in equity, let it be so named : names are not of much consequence;—but that does not cure the difficulty. He has applied for the most extraordinary remedy known to the law, and it would be trifling with its importance and losing sight of the well established rules of the law of mandamus, to proceed in the questionable manner suggested by him.

SMITH, J. This is a petition for a mandamus, brought by a. private citizen for enforcing a statute which reads. thus : "Two or

more railroad corporations, chartered by the legislature of this state, constituting the whole or part of different lines of route for public travel and transportation between any two cities or towns, or between any city and town, either within or without this state, forming rival and competing lines of route between such points, shall not be allowed to consolidate such roads or lines; and neither of said lines, or any road or roads composing the same, shall be run or operated by any such rival and competing line, or any road or roads, or portion thereof, under any business contract, lease, or other arrangement, but each and every railroad corporation so situated shall be run, managed, and operated separately by its own officers and agents, and be dependent for its support on its own earnings from its local and through business in connection with other roads, and the facilities and accommodations it shall afford the public for travel and transportation under fair and open competition, unless such lease, contract, or arrangement be first authorized by the legislature, and approved by the governor and council." G. L., *c.* 158, *s.* 11. In the view which we take of this case, it is unnecessary to examine the first reason assigned for quashing the petition. The second and third reasons may be considered together. They are, in effect, that the petitioner has a complete remedy under the statute by a bill in equity for an injunction. The statute reads thus: "In all cases where any road, its directors, officers, or agents, shall hereafter enforce, or attempt to enforce or exercise, any authority over any other road, situated as is provided in the preceding section, or do any act in conflict with said section, such officers or agents shall severally be subject to a fine or liability not exceeding five hundred dollars for each offence, to be recovered by action of debt, or by information or indictment, for the use of the county within which said suit shall be instituted. And it shall be further lawful for any citizen to apply to the supreme court, or to any one or more of the justices thereof, not interested in said road or roads, whose duty it shall be to issue an injunction to restrain, under heavy liabilities and penalties, any board of directors, its officers or agents, or either of them, from attempting to interfere with or control, in any way or manner, the operation, management, or direction of such road or roads, or violate any of the provisions of said section; and said directors, officers, and agents shall be liable, on such application, to examination, under oath, touching any infringement of the provisions of said section, and be subject to all expense of every kind whatsoever necessarily incurred in enforcing the same." G. L., *c.* 158, *s.* 12.

Lord *Mansfield,* in *The King* v. *The Commissioners, &c.,* 1 T. R. 146, 148, says the writ of mandamus is grantable where there is no other specific legal remedy. In *Rex* v. *Baker,* 3 Burr. 1265, 1267, he says,—"It was introduced to prevent disorder from a failure of justice or a defect of police. Therefore it ought to be used

upon all occasions where the law has established no specific remedy, and where, in justice and good government, there ought to be one." It is not granted where there is other specific legal remedy. *Rex* v. *Blooer*, 2 Burr. 1043, 1045 ; *The King* v. *Bishop of Chester*, 1 T. R. 396, 404. It is an extraordinary remedy, granted only in cases where the usual modes of procedure and forms of remedy are powerless to afford relief. This rule of the common law, recognized from the earliest times, is not confined to cases where the remedy relied on in bar of the jurisdiction by mandamus is a common-law remedy, but applies to cases where a particular or special remedy is provided by statute. Whenever the statutory remedy is plain and specific in its nature, and fully adequate to redress the grievance complained of, mandamus will not lie. High Ex. Rem., ss. 15, 16 ; Ang. & A. Cor., ss. 708–712, and authorities.

An injunction, restraining the Concord Railroad, its directors, officers, and agents, from interfering with or controlling the operation, management, or direction of the defendants' road, or an injunction restraining the defendants, their officers, and servants from permitting their road to be operated by any other road, or in any other way than separately, by their own officers and agents, under fair and open competition with the Concord road, would effect as fully and completely the same result as would a peremptory mandamus commanding the defendants to operate their road separately by their own officers and agents, without interference from the Concord road. In the one case the defendants would be commanded not to permit their road to be operated by others : in the other case they would be commanded to operate it themselves. By operating it themselves they would prevent its being operated by others. A violation of the injunction is punishable by an attachment for contempt. A peremptory mandamus may be enforced by an attachment for contempt. High Ex. Rem., ss. 529, 565 ; *People* v. *Pearson*, 3 Scam. 270. The remedy by injunction provided by statute would seem, therefore, to be as full and complete, and as adequate, as the common-law remedy by mandamus. It is also as plain, cheap, and expeditious. And it is not more burdensome : for the facts to be proved would be much the same in either case, and the nature of the process in equity is quite as simple. The remedy afforded by the statute being plain, specific in its nature, and fully adequate to redress the grievance complained of, the writ must be denied. Whether otherwise there would be any distinction because the remedy is in equity instead of at law, we need not inquire.

There is another view of this question which is decisive. When a new right is created by a statute which provides a method in which the right may be enforced, the method thus provided, if the remedy is coextensive with the right, is the only one which can be pursued. But when a statute merely gives a new

remedy for enforcing a common-law right, the new remedy is not conclusive, unless, by special enactment or by implication, the common-law remedy is excluded. *Green* v. *Bailey,* 3 N. H. 33; *Fletcher* v. *Bank,* 37 N. H. 369, 391; *Osgood* v. *Blake,* 21 N. H. 550, 564–567; *Troy* v. *Railroad,* 23 N. H. 83; *Dean* v. *Railroad,* 22 N. H. 316, 321.

The fourth reason assigned for quashing the petition is clearly insufficient. A final decree has been entered up in *Burke* v. *Railroad,* 61 N. H. 160, which does not afford the relief sought in this suit, nor, in fact, any relief.

Unless the petitioner elects to amend his petition by turning it into a bill in equity, and taking an order of transfer to the docket of the trial term, the order must be

*Petition quashed.*

All concurred.